### BARBER ASPHALT-PAVING CO. v. NEW YORK POSTGRADUATE MEDICAL SCHOOL & HOSPITAL.

(Supreme Court, Trial Term, New York County. October 16, 1897.)

TRIAL—VERDICT—INTEREST.

Where the jury failed to include interest on the amount found to be due plaintiff under a contract by which it was to receive an agreed price for repairing a street pavement, made necessary by excavations for defendant's building, and the amount of such repairs was ascertainable by either party, the court, on plaintiff's motion, should compute the interest, and add it to the verdict.

Action by the Barber Asphalt-Paving Company against the New York Postgraduate Medical School & Hospital. Motion to correct verdict. Granted.

DALY, J. A motion is made by plaintiff, after verdict in his favor, to have the court compute the interest on the amount allowed by the jury, and add it to the verdict, under the authority of Peetsch v. Quinn, 57 N. Y. St. Rep. 80, 27 N. Y. Supp. 323. This may be done, if plaintiff is entitled to interest, and the jury has failed to allow it. Martin v. Silliman, 53 N. Y. 615. In this case the plaintiff was entitled to recover, at an agreed price, for the amount of repaving or repairing of the asphalt pavement of the street in front of which the defendants had caused excavations to be made for their new building, which was necessitated by such excavations. It would seem from the evidence that the area of pavement affected injuriously by the excavations could be perceived upon inspection, and so the amount of repairing necessary could be computed and ascertained by one party as well as the other. In such case interest upon the amount found due should be allowed. "In actions to recover unliquidated damages for breach of contract, unless the means are accessible to the party sought to be charged, of ascertaining the amount, by computation or otherwise, to which the other party is entitled," interest cannot be allowed. Mansfield v. Railroad Co., 114 N. Y. 331, 21 N. E. 735, 1037, 4 L. R. A. 566. In that case a contractor was to receive, in addition to a fixed sum for building a grain elevator, a bonus for completing the work in advance of five months from the time of commencement, and the bonus was to be $500 per day for the time thus gained. The plaintiff sued for damages for having been delayed in his work by the fault of the defendant. He was held not to be entitled to interest on his verdict, and the reason is obvious; for his facilities for completing his work in a shorter period than his contract were matters within his own knowledge, and not known to the defendant, and so the amount of bonus he could have earned was not ascertainable, by computation or otherwise, by the latter. The present case presents no such difficulty.

Motion to add interest to verdict granted.