## 208.  RUTHERFORD *v.* IRBY.

1. In an action of deceit growing out of wilful misrepresentations of material facts, made to induce another to act, and upon which he did act to his injury, it is not reversible error to charge that "if the defendant did not wilfully conceal from the plaintiff some fact which he should have stated, he would not be liable." The affirmative wilful statement of a falsehood in reference to a particular matter necessarily includes the concealment of the truth as to that matter.
2. Where suit was brought for the value of property which plaintiff was induced to part with because of certain deceitful statements made to him by the defendant, damages were liquidated, and interest was properly allowed on the value of the property.
3. No error of law was committed, and the verdict was fully warranted by the evidence.

Attachment, from city court of Columbus—Judge Willis. January 26, 1907.

Submitted February 27,—Decided March 22, 1907.

*J. H. Martin, A. W. Cozart,* for plaintiff in error.

*T. T. Miller,* contra.

HILL, C. J.  C. C. Irby sued out an attachment, returnable to the city court of Columbus, against H. M. Rutherford, for the purpose of recovering the value of a mule, and interest thereon. The declaration in attachment makes the following case:   On January 29, 1904, plaintiff was in the town of Rutherford, Alabama, where the defendant resided, with a drove of mules for sale, and on that day he sold to the defendant two mules, one for $165, and the other for $140, the defendant paying the full purchase-price therefor.  At the time of the sale, the one sold for $140 had a disease known as the distemper; and the plaintiff sold this mule to the defendant with the understanding that if the disease proved fatal he would give him another mule in exchange therefor, provided that the defendant would keep said mule in his stable, and give it the necessary care and attention for ten days or more, and would not allow it to be exposed to the weather, or stand in a wet or damp stable, but would keep it in his own lot until it fully recovered.   On February 12, 1904, the defendant came to the plaintiff's place of business in the city of Columbus, Ga., and represented to him that the said mule had died the day previous from said distemper, and said that he desired the plaintiff to make good his promise by giving him another mule in its place, at the same time representing to the plaintiff that he had properly cared for said mule in his own lot; that he had not exposed the mule to the weather; that the mule had performed no work except to haul one load of guano about one hundred yards, and that he had given the mule all necessary attention, and had properly cared for and treated it.  Plaintiff, relying wholly upon the truth of these representations, gave him another mule, of the value of $175.50, defendant paying the difference of $32.50.  Plaintiff alleged, that all of the representations made by the defendant about his treatment of the mule were false and fraudulent, and were made for the intent and purpose of deceiving him.  The plaintiff did not know that they were false and fraudulent, but relied on their truth, and, so relying, gave the defendant said mule in exchange for the one that died.  The declaration specifically alleges how and in what manner and particulars the representations were false and fraudulent, and the suit was brought to recover the $140, the value of the first mule sold to the defendant, with interest thereon from date of the sale of the second mule.  The defendant filed a general

denial to each and all of the allegations of the declaration.  On the trial of the case the jury found a verdict for the plaintiff in the sum of $140 and interest.  The defendant filed a motion for a new trial, which was overruled, and he excepted.

In addition to the general statutory grounds, plaintiff in error assigns error on certain portions of the judge's charge to the jury.

While there are several assignments of error to certain portions of the charge, they are all substantially covered by the exception that the court erred in charging as follows:  "If you believe, from the testimony, that the defendant made no representations whatever, but simply came here and stated to Mr. Irby that the mule had died and he wanted another one, and Irby gave it over to him; and that in doing so he made no representation as to how he died, or no false representation with the intention of deceiving him, and which did not deceive him, and Irby did not act upon it; and that he did not wilfully conceal from him some facts which he should have stated to him regarding the death of the mule; then you need not go any further, but you should find a verdict for the defendant right then and there."  It is insisted that this charge was erroneous in several particulars:  " (1) It was an error as an abstract proposition of law.  (2) In including the following words, 'and that he did not wilfully conceal from him some fact which he should have stated to him regarding the death of the mule,' the court gave Irby the benefit of a hypothesis not authorized by the evidence or by the pleadings, and the court charged on an issue not made by the pleadings or the evidence, and it was done in a way, when the evidence was conflicting on the issues involved, which was calculated to mislead the jury, to the injury of Rutherford."

We think the charge excepted to substantially gave the law as contained in the Civil Code, § 3814, which, according to the judge, the defendant's counsel requested him to give to the jury. While it is true that neither the petition nor the evidence expressly declared or showed the concealment of any material fact regarding the death of the mule, made by the defendant to induce the plaintiff to give him the other mule, yet we think that where a petition affirmatively alleged that certain statements were made as to the facts in connection with the death of the mule, which representations were false and fraudulent, it followed, as a necessary corol-

lary, that there was a concealment by the defendant of the true facts. We do not see how the defendant could have been hurt by this charge, in view of the allegations that the statements made by him in reference to the death of the mule and the care and attention it had received were false and fraudulent, and were made by him for the purpose of inducing the plaintiff to act, and that he did act upon them, to his injury. We think the portion of the charge excepted to correctly stated the law applicable to the issues in the case.

The suit was for $140 and interest. There was no demurrer on the ground that the declaration claimed interest; and we think, in an action for deceit, such as made by the allegations in this case, the damages are liquidated, and that the plaintiff is entitled not only to the value of the property at the time he sold it to the defendant, but also interest on that value from the date of sale. In the case of *McLaren* v. *Long,* 25 *Ga.* 712, the Supreme Court, in discussing the nature of an action of deceit, said, "The action of deceit, though itself in tort, grows out of contract;" and that the measure of compensation would be the purchase-money and the interest thereon.

It appears from the record that this case has been twice tried in the city court of Columbus, resulting, on both trials, in a verdict for the plaintiff. There is some conflict of evidence, but the verdict in behalf of the plaintiff was fully warranted.

*Judgment affirmed.*