DOMAIKI, Respondent, vs. LIBERTY LAND & INVESTMENT
COMPANY, Appellant.

*October 19, 1921—January 10, 1922.*

*Fraud: False representations as to lands: Evidence: Sufficiency:
Interest on amount found as damages.*

1. In an action for damages because of false representations in
   the negotiations prior to an exchange of lands, it is *held* that
   the findings of the jury that the defendant falsely pointed out
   the lands which plaintiff was to receive, and falsely repre-
   sented that the lands extended to a highway, and that the dif-
   ference in value between the lands pointed out to plaintiff and
   those conveyed to him was $1,255, are sustained by the evi-
   dence.
2. Since plaintiff paid $1,255 in excess of the amount defendant
   was entitled to, the plaintiff was wrongfully deprived of its
   use, and was therefore entitled to recover interest from the
   date of the transaction.

APPEAL from a judgment of the circuit court for Oneida
county: A. H. REID, Circuit Judge. *Affirmed.*

This action was brought to recover damages alleged to
have been sustained by plaintiff through misrepresentations
made by defendant in negotiations leading up to an ex-
change by plaintiff of a house and lot in Rockford, Illinois,
for three government lots of defendant in Oneida county,
Wisconsin.

Plaintiff claims that he was not familiar with the English
language and that he relied on defendant's agents, who
conversed with him in Lithuanian, in all matters pertaining
to the transaction in question; that he went to Oneida county
at the request of defendant's officers, where he was shown
lands described as lots 3, 4, and 5 in section 19, township
36; that the lands pointed out and shown to him by defend-
ant's agents were all high, level land of good quality; that
to the south of the land shown him there seemed to be a
large amount of swamp land, which defendant informed

plaintiff would not be a part of the land he was to buy; that
defendant further represented to the plaintiff that a certain
road lay next to and went through the land so shown plaint-
iff as the land he was to buy, and that all of the land he was
to get was high, level, and good farming land and contained
125.96 acres; that, relying on these representations, he was
induced to make an exchange of property whereby he deeded
his house and lot in Rockford, valued at $3,400, and
executed and delivered a note and mortgage for $1,143, in
all to the amount of $4,543, in exchange for a deed from
defendant covering the lots above mentioned; that these rep-
resentations made by defendant were false; that in truth
the swamp which defendant represented would not be on
the land conveyed to plaintiff was practically all on lots 4
and 5 as conveyed to plaintiff; that approximately twenty-
five acres of said land was and is swamp land, absolutely
unfitted for farming purposes and valueless to this plaint-
iff; that this land does not adjoin the road pointed out to
plaintiff, nor any road; that instead of 125.96 acres of land
there are only approximately 105.15 acres in the entire tract
so conveyed to this plaintiff, of which not to exceed eighty-
five acres are as represented; that the land which this plaint-
iff was shown by the defendant and which he supposed he
was buying is in lots 2, 3, and 4 instead of lots 3, 4, and 5;
that as a further inducement the defendant represented to
the plaintiff that the defendant would help the plaintiff clear
ten acres of land during the summer of 1919; that, relying
on these considerations and false representations, the plaint-
iff was induced to make the exchange and purchase the
land above mentioned. Damages were asked in the sum of
$2,000.

Defendant alleges that plaintiff came to Woodboro in the
latter part of July, 1918, and after making a thorough ex-
amination of the property of defendant selected lot 6 of sec-
tion 17, and lots 4 and 5 of section 20, and lot 3 of section 19

as the lots for which he desired to exchange his Rockford property; that about two weeks thereafter a contract in writing was entered into between the plaintiff and the defendant for an exchange of the lands, but that in October, 1918, plaintiff came again to the town of Woodboro and after making another examination of the lands of the defendant in the neighborhood requested defendant to cancel the first contract and to enter into a new contract for the exchange of his Rockford property for the lands conveyed to him by deed; that the exchange was made under the conditions recited in the complaint. Defendant denies that any misrepresentations were made by its agents and alleges that the lands in question contain 125.96 acres according to the government survey.

By a special verdict the jury found (1) that the defendant's agents represented to plaintiff that lots 3, 4, and 5 included lands which actually lie north of lot 3; (2) that they did not include the swamp land which is actually found on lot 5; (3) that the defendant's agents represented to plaintiff that lots 3, 4, and 5 extended eastward to the highway next adjoining; (4) that the plaintiff relied on these representations in making his contract; (5) that the lands represented to be lots 3, 4, and 5 to the plaintiff were of greater value than the lands which were actually included in the lots conveyed to him; (6) that the amount of the difference in the values was $1,255.

Judgment was granted in plaintiff's favor on the special verdict, from which judgment the defendant appeals.

For the appellant the cause was submitted on the brief of *E. D. Minahan* of Rhinelander.

*Charles F. Smith* of Rhinelander, for the respondent.

The following opinion was filed November 15, 1921:

SIEBECKER, C. J.   In this case it is held that the evidence adduced on the trial of the action abundantly supports the findings of the jury to the effect that the defendant's officers

misrepresented to the plaintiff what lands were actually in-
cluded in lots 3, 4, and 5 which were conveyed to plaintiff,
and that such lots were falsely represented by defendant's
officers to include lands which actually lie to the north of lot
3; that lots 3, 4, and 5 did not include the swamp land which
is in fact a part of the lots conveyed to him. The evidence
also sustains the finding of the jury that defendant's agents
falsely represented that government lots 3, 4, and 5, em-
braced in plaintiff's deed, extended eastward to the next ad-
joining highway. It is considered that the evidence in the
case justified the jury in concluding that the lands which
were represented to plaintiff to constitute lots 3, 4, and 5
were of greater value than the lands actually embraced in
lots 3, 4, and 5, and that such difference amounts to $1,255.
We think the trial court is correct in holding that upon the
evidence

"The jury were charged with the duty of finding, upon
the evidence thus placed before them, the value in 1918 of
land of the character and quality of lots 3 and 4 and land ly-
ing north thereof, and also the value in 1918 of lot 5, accord-
ing to the boundaries now actually found to be possessed
by it. . . . While it might be that the court, if charged with
the duty of assessing damages in this case, would not have
found the difference so great, it seems to the court, upon the
evidence presented to the jury, that it was within the prov-
ince of the jury to make the finding which it did, and that
the court has neither the duty nor the right to interfere with
that finding of the jury."

Since the evidence sustains the conclusion that plaintiff,
through defendant's false and fraudulent representation,
paid defendant $1,255 in excess of what should have been
paid to it, the conclusion logically follows that the defendant
not only received this $1,255 wrongfully, but also that the
plaintiff was wrongfully deprived of its use from the time
of the conveyance of the property and that the defendant
had the benefit of its use, thus damaging the plaintiff to the
amount of the value of such use, which is measured by the

reasonable interest on such amount. We think the court properly awarded the plaintiff recovery of six per cent. interest from the date of the transaction to the date of judgment on the amount of the damages found by the jury as an item of the damages the plaintiff sustained.

*By the Court.*—The judgment appealed from is affirmed.

A motion for a rehearing was denied, with $10 costs, on January 10, 1922.