## 16618. DEIBERT v. McWHORTER.

1. By demurring on the ground that there was a misjoinder of causes of action, in that the plaintiff was proceeding ex contractu on the contract and ex delicto for deceit, the defendant became committed to that position, and the plaintiff therefore had the right to elect which cause of action she would prosecute; and, having elected to proceed in tort for the alleged deceit, she could so amend the petition as to conform and limit the allegations to that cause of action.
2. The court did not err in not charging the jury to the effect that the plaintiff could not recover unless it appeared that she used ordinary care in investigating the defendant's statements before accepting them as true.
3. It is not cause for a new trial to the defendant that the judge in his charge to the jury, which included section 4410 of the Civil Code (1910), gave the following part of that section: "Mere concealment of such a fact, unless done in such a manner as to mislead and deceive, will not support an action."
4. The evidence authorized the verdict for the plaintiff. .

DECIDED JANUARY 14, 1926. REHEARING DENIED FEBRUARY 13, 1926.

Complaint; from Fulton superior court—Judge Humphries. May 23, 1925.

Mrs. McWhorter sued Deibert, alleging, that he represented to her that he was secretary of an organization known as Citizens Safety Association, composed of certain business and civic concerns and supported by public subscriptions and contributions, and that two well-known public utility companies had pledged certain named large sums to meet the expenses of the organization, and he employed her to do certain stenographic work and furnish certain material in putting on a campaign for the association, she to be paid out of the subscriptions to the association; that she fully performed the services, and the work was delivered to and accepted by the defendant, by reason of which he "was indebted to her" in the sum sued for. She alleged that there was no such organization and that the two named public utility companies had not pledged funds as stated; all of which the defendant knew at the time of his representations; and that he failed and refused to pay the agreed sum to her. The defendant demurred on various grounds, one of which was that there was a misjoinder of causes, in that the plaintiff had joined an action on contract with an action in tort, "alleging that said defendant had been guilty of fraud, deceit, and misrepresentations." This ground and one relating to a failure to allege any intent to deceive were sustained; where-

upon the plaintiff amended the petition, striking the allegation of indebtedness and seeking to recover damages based on fraud and deceit. The grounds of demurrer attacking the allegations as being too indefinite were overruled. The jury found against the defendant, and he excepted, assigning error on the rulings stated above, and on the overruling of his motion for a new trial.

*John A. Dunaway, Bryan & Middlebrooks,* for plaintiff in error.

*D. J. Meyerhardt,* contra.

JENKINS, P. J. (After stating the foregoing facts.) 1. Where a petition alleged that the defendant was indebted to petitioner upon a contract for services, and that the defendant, by false and fraudulent representations, deceived her and caused her to make the contract and to perform the services for the defendant, and where the defendant specially demurred to the petition, on the ground that there was a misjoinder of causes of action, in that the plaintiff was proceeding ex contractu on the contract and ex delicto for deceit, etc., the defendant became committed to the proposition that the plaintiff had in fact proceeded both upon contract and upon tort. Consequently the plaintiff had the right to elect which cause she would prosecute; and, having elected to proceed in tort for the alleged deceit, she had the right so to amend her petition as to limit and conform the allegations of the petition to that cause.

2. "Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action." Civil Code (1910), § 4410. Thus, where the basis upon which the contract was entered upon lies in the existence or nonexistence of certain material facts, the verity of which needs must be ascertained from the statement of one acquainted with such facts, each of the contracting parties has a right to rely upon the truth of the other's statements with reference thereto, when such statements relate to matters apparently within the knowledge of the party asserting them; and to do this without checking up the statements with the declarations of other and different persons, in order, by such an investigation, to test their probable truth. *Cheney* v. *Powell,* 88 *Ga.* 629 (15 S. E. 750) ; *Ryan* v. *State,* 104 *Ga.* 78 (30 S. E. 678). The rule is different where the matters thus governing the contract speak for themselves to each of the contracting parties alike; as where a pur-

chaser of real estate, with full opportunity to examine it, voluntarily relies upon the statements of the opposite party. *Thompson* v. *Boyce,* 84 *Ga.* 497 (11 S. E. 353). The court did not err in failing to charge the jury that the plaintiff could not recover unless it appeared that she used ordinary care in investigating the truth of such material statements made by the defendant, before accepting them as true.

3. Exception is taken to the following excerpt from the charge of the court: "Mere concealment of such a fact, unless done in such a manner as to mislead and deceive, will not support an action." It is urged that such an instruction was unwarranted by the pleadings and proof, and was calculated to confuse the jury and injuriously affect the rights of defendant. The excerpt complained of is the latter portion of section 4410 of the Civil Code, which was given in charge in its entirety, as follows: "Wilful misrepresentation of material facts, made to induce another to act, and upon which he does act to his injury, will give a right of action. Mere concealment of such a fact, unless done in such a manner as to mislead and deceive, will not support an action. In all cases of deceit, knowledge of the falsehood constitutes an essential element. A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood." The excerpt complained of could not in any event have any sort of operation except in favor of the defendant, and therefore could not have adversely affected his rights. "It was not cause for a new trial that the judge read in charge to the jury a code section part of which was applicable to the case under consideration and part not, it not appearing that the reading of the inapplicable part was calculated to mislead the jury, erroneously affected their verdict, or was prejudicial to the rights of the complaining party." *Eagle & Phenix Mills* v. *Herron,* 119 *Ga.* 389 (3) (46 S. E. 405); *Sarman* v. *Seaboard Air-Line Ry. Co.,* 33 *Ga. App.* 315 (5) (125 S. E. 891). Moreover, as was held by this court in *Rutherford* v. *Irby,* 1 *Ga. App.* 499 (57 S. E. 927): "In an action of deceit growing out of wilful misrepresentations of material facts, made to induce another to act, and upon which he did act to his injury, it is not reversible error to charge that 'if the defendant did not wilfully conceal from the plaintiff some fact which he

should have stated,' he would not be liable.' The affirmative wilful statement of a falsehood in reference to a particular matter necessarily includes the concealment of the truth as to that matter."

4. The evidence authorized the verdict, and it can not properly be set aside for any of the reasons assigned.

*Judgment affirmed. Stephens and Bell, JJ., concur.*