No. 27,583.

H. H. VERNSON et al., *Appellees*, v. E. M. BAKER and WALTER E. WILSON, *Appellants*.

(261 Pac. 563.)

SYLLABUS BY THE COURT.

1. FRAUD — *Measure of Damages — Property Obtained by Deceit.* Where one sues to recover damages for the value of property obtained from him by defendant by fraud or deceit, the measure of his damages is the value of the property at the time it was so obtained plus interest thereon from that time to the date of the judgment.

2. SAME—*Fraudulent Representations as Partial Inducement.* In an action to recover damages for property obtained from plaintiff by fraud or deceit of defendant, it is not essential that the fraudulent representations were the only thing relied upon; it is sufficient if they are a part of the moving cause, and without them plaintiff would not have parted with his property.

3. SAME — *Conspiring in Another's Fraud — Evidence.* The evidence is examined and found to be sufficient to support the verdict.

Appeal from Marshall district court; FRED R. SMITH, judge. Opinion filed December 10, 1927. Affirmed.

*Edgar C. Bennett,* of Marysville, *Edgar Bennett* and *A. C. Bokelman,* both of Washington, for the appellants.

*Carroll D. Smith,* of Blue Rapids, and *W. J. Gregg,* of Frankfort, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages alleged to have been sustained by plaintiffs because of false representations made by defendants as to the value of certain bank stock traded to plaintiffs for a garage. Plaintiffs recovered, and defendants have appealed.

The plaintiffs, H. H. Vernson and members of his family, owned all the capital stock (one share was nominally held by C. E. Cummings for them) of the McCarthy Motor Company, a corporation, which owned and operated a garage at Blue Rapids, Kan., which plaintiffs were operating. They were anxious to sell the garage,

Fraud, 26 C. J. p. 1165 n. 47; 27 C. J. pp. 65 n. 11, 69 n. 26, 88 n. 30, 92 n. 57, 94 n. 65, 97 n. 8 new. Fraud and Deceit, 12 R. C. L. 454.

which included, of course, their stock in the corporation. They tried to sell it themselves, and asked traveling salesmen and others to assist them in finding a buyer. The defendant, E. M. Baker, was a traveling salesman for automobile accessories and called at plaintiffs' garage on regular trips once in three weeks. Plaintiffs solicited him to find them a buyer for the garage. Later, and in November or December of 1921, Baker proposed buying the garage himself if he could trade some bank stock he had for it. He represented that he owned 65 shares of the capital stock of the Farmers State Bank, of Washington, Kan., of the par value of $100, which he proposed to trade plaintiffs at the value of $135 per share for the stock in the McCarthy Motor Company at the actual value thereof based upon an inventory of the property belonging to it. The proposed trade was talked over by the parties on several occasions, and dragged along for some months, but was finally closed by a written agreement, March 4, 1922, executed by H. H. Vernson as president, on behalf of the motor company, and by E. M. Baker. This provided for Baker to buy the property of the motor company at the agreed value of $6,189, and pay for the same by assigning to plaintiffs 35 shares of the capital stock of the Farmers State Bank of Washington, at the agreed price of $4,725 and assume certain itemized obligations of the motor company, which made up the difference. The garage was turned over to Baker at once, and in a few days plaintiffs received the shares of bank stock as the agreement provided. The bank failed April 24, 1922, and the stock proved to be of no value; the receiver has been able to pay from its assets only 37½ per cent to its creditors. Baker disposed of the garage within 30 days, at a substantial loss from the price at which he took it.

On April 26, 1922, plaintiffs filed this action against Baker, alleging the facts concerning the trade, as above stated, and that Baker had made false and fraudulent representations as to the value of the bank stock, viz.: (1) That because of the prime condition of the assets of the bank its stock was worth in cash $135 per share; (2) that all the commercial paper owned by the bank was good; that no paper was included in its assets except such as was gilt edge and readily collectible at maturity; (3) that shortly prior thereto the stockholders, including himself, had paid a 200 per cent assessment on their stock, with which all questionable assets had been eliminated; and further alleged that these representations were false, were known by Baker to be false at the time they were made, were made

with the intention that plaintiffs should rely on them, and that they did so rely. They prayed judgment for the agreed value of the stock with interest since the date of the trade.

Later plaintiffs obtained leave to make Walter E. Wilson an additional party defendant, and thereafter filed an amended petition, in which they alleged that Wilson was the real owner of the bank stock, and that he and Baker had wrongly conspired to falsely represent the value of the bank stock to plaintiffs, and repeated the allegations substantially as previously made. Both defendants filed general denials. Baker, in addition, alleged that plaintiffs had defrauded him by falsely representing the value of the garage property greater than it was, and that they had the Ford agency for the sale of cars, trucks and tractors which they would assign to him, to his damage in the sum of $4,250, for which he prayed judgment. Plaintiffs' reply to this was a general denial.

The jury returned a verdict against both defendants for $6,042.44, being the agreed value of the bank stock at the time of the trade plus interest at 6 per cent to the date of the verdict. The court instructed that plaintiffs' claim included such interest. Defendants complain of this, and argue that this is an action for unliquidated damages in which interest can be allowed from the date of the judgment only, and that the most plaintiffs could recover in this case is $4,725. The point is not well taken. Where one sues to recover damages for the value of property obtained from him by defendant by fraud or deceit, the measure of his damages is the value of the property at the time it was so obtained plus interest from that time to the date of the judgment. (*Thompson v. Howard Motors Co.*, 122 Kan. 339, 341, 252 Pac. 468; *Shriver v. National Bank et al.*, 117 Kan. 638, 649, 232 Pac. 1062.) If this were not so the defendant would be allowed to profit by his own fraud to the amount of the use or value to him of the use of the property for that time. The law contemplates no such profit in such a case.

Appellants contend that if fraudulent representations as to the value of the bank stock were made, plaintiffs did not rely on them, but made an independent investigation of their own, on which they relied. There was some evidence to support that theory, a part of which was controverted, but there was much to the contrary. To sustain a recovery it is not essential that the fraudulent representations were the only thing relied upon; it is sufficient if they are a

part of the moving cause, and without them plaintiffs would not have parted with their property. (*State v. Terrill*, 87 Kan. 745, 749, 125 Pac. 65.) The rule is the same in civil actions. (*Tatlow v. Bacon*, 95 Kan. 695, 699, 149 Pac. 745; 26 C. J. 1165, and cases there cited.)

As to the defendant Baker, it is not seriously contended that the evidence does not support the verdict. It is true he testified that he made no representations as to the value of the bank stock, but there is much evidence to the contrary. It was clearly established that the bank stock was valueless, or practically so, at the time of the trade, and had been for months, and that Baker knew, or should have known, that fact. As to him the verdict is well supported.

As to the defendant Wilson, it is earnestly contended that there is no substantial evidence that he made any false representations as to the value of the bank stock; or that he ever agreed or conspired with Baker for him to make such representations, or that he was interested in or had anything to do with the trade. This presents the only difficult question in the case. It would serve no useful purpose to detail all the facts and circumstances disclosed by the record tending to show that Wilson was the real owner of the bank stock and his connection with and interest in the transaction, and to point out the inferences the jury might reasonably draw therefrom. It is sufficient to say that we regard the evidence sufficient to authorize the jury to reach the conclusion that Baker and Wilson were jointly liable.

Finding no error in the record, the judgment of the court below is affirmed.

HOPKINS, J., not sitting.