### 20241. HINTON *v.* EQUITABLE LOAN COMPANY.

STEPHENS, J. 1. Although in a petition for certiorari brought by a defendant it appears that he pleaded his adjudication in bankruptcy as a stay of the suit, and that his adjudication in bankruptcy and schedule of the plaintiff's claim were introduced in evidence, yet where it appears nowhere in the petition that the trial judge passed upon any motion to stay the suit, and the only exceptions are to the allowance of an amendment to the plaintiff's petition, to the overruling of a demurrer to that petition, to the admission of evidence none of which had reference to the defendant's adjudication as a bankrupt or his schedule filed in the bankruptcy proceedings, and to the verdict and judgment for the plaintiff, all of which rulings are alleged as error and as contrary to law and not supported by the evidence and contrary to the principles of justice and equity, the petition for certiorari presents no question for determination respecting any error in the court's refusal to stay the suit pending the bankruptcy proceedings.

2. Upon the trial of an action for deceit based upon an alleged false and fraudulent statement made by the defendant, by which he obtained a loan of money from the plaintiff, where the evidence authorized the inference that the statement was made with knowledge by the defendant of its falsity and that the plaintiff was induced by the statement to make the loan, and otherwise supported the petition, the verdict for the plaintiff was not contrary to law and without evidence to support it. The fact that the plaintiff, when making the loan to the deefndant, did so in reliance upon both the statement and the collateral which the defendant had given as security for the loan, does not alter the fact that the plaintiff was induced to make the loan by the statement as well as by the collateral.

3. In an action for deceit based upon an alleged false and fraudulent statement made by the defendant respecting the indebtedness due by him to other persons, an allegation in the petition that the defendant's representation respecting his indebtedness to others was false and that he at the time was indebted to certain named creditors in designated amounts, without more specifically describing the nature and character of the debts, is sufficiently specific respecting the alleged falsity of the defendant's representation, and is not subject to demurrer in that it fails to allege with more particularity the nature and character of the defendant's indebtedness to others. The suit not being one upon an alleged indebtedness by the defendant, it is not essential that the character of the debts be alleged with the particularity required in a suit upon the debt. *Fried* v. *Portis Hat Co.*, 41 *Ga. App.* 30 (152 S. E. 151).

4. There was no error in allowing the amendment to the petition, or in overruling the demurrer, or in the rulings on the admission of testimony.

5. The judge of the superior court did not err in refusing to sanction the petition for certiorari presented by the defendant.

       *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

Decided April 21, 1930. Rehearing denied September 20, 1930.

*E. F. Goodrum,* for plaintiff in error.
*Martin, Martin, Snow & Gillen,* contra.

