GEORGE B. DEMMS, Plaintiff, *v.* ROBERT B. BLANCHARD, Defendant.

Supreme Court, New York County, March 27, 1934.

*Taylor, Blanc, Capron & Marsh*, for the plaintiff.

*Mack, McCauley & Spiegelberg*, for the defendant.

LAUER, J. This action was instituted by the plaintiff against the defendant to recover the sum of $10,000. The theory of the plaintiff's complaint was that by reason of certain misrepresentations and fraud the plaintiff was induced to lend to the Combustion Specialty Corporation the sum of $10,000. This sum was advanced in four separate installments at different times. The first advance was $5,000 on August 15, 1929, and the three further advances were made at later periods. The jury found for the plaintiff in the sum of $5,000. The plaintiff thereafter at the same term moved to amend the verdict to include interest on the sum found by the jury.

The questions presented for decision are *first*, whether or not the plaintiff as a matter of law is entitled to interest, and *second*, whether or not the court has it within its power to add interest at this time.

The law is very clear that where a plaintiff seeks to recover for the fraud of a defendant and secures a verdict for the sum parted with by reason of the misrepresentations of the defendant, interest from the date the money was paid should be included as part of the recovery. (*Doggett* v. *Emerson*, 7 Fed. Cas. 3962, 1 Woodb. & M. 195; *Smith* v. *Bolles*, 132 U. S. 125; *Sigafus* v. *Porter*, 179 id. 116; *Wilson* v. *City of Troy*, 135 N. Y. 96; *Reno* v. *Bull*, 226 id. 546; *Askin* v. *Lewin*, 140 Misc. 615; *Holden* v. *New York & Erie Bank*, 72 N. Y. 286; *Arthur* v. *Wheeler & Wilson Mfg. Co.*, 12 Mo. App. 335; *Wood* v. *Robbins*, 11 Mass. 504; 1 Sedg. Dam. § 303, at p. 585.) (See, also, 22 Cyc. 1506; *Gilmore* v. *Hirschman*, 188 App. Div. 218, 220.)

The rule as stated in *Sigafus* v. *Porter* (*supra*) is directly applicable in the instant case. The court, referring there to the defendant, said (at p. 123): " He was bound to make good the loss sustained, such as the moneys the plaintiff had paid out and interest, and any other outlay legitimately attributable to defendant's fraudulent conduct."

The rule for allowing interest in tort cases is set forth very lucidly in the case of *Wilson* v. *City of Troy* (*supra*), where it was said (at p. 105): " There is a class of actions sounding in tort in which interest is not allowable at all, such as assault and battery, slander, libel, seduction, false imprisonment, etc. There is another class in which the law gives interest on the loss as part of the damages, such as trover, trespass, replevin, etc. And still a third class in which interest cannot be recovered as of right, but may be allowed

in the discretion of the jury, according to the circumstances of the case."

This action is an action at law. (*Seneca Wire Mfg. Co.* v. *Leach & Co.*, 247 N. Y. 1, 7.) All that the plaintiff seeks in this action is the return of his money with interest. In its nature this action is similar to actions such as trover, trespass, replevin, etc., in which class of cases it has been held that interest is recoverable as a matter of right. (*Wilson* v. *City of Troy, supra.*)

The amount sued for by the plaintiff was for a liquidated sum. The jury in finding the sum of $5,000 undoubtedly made a finding in accordance with the instructions of the court in the course of the charge, to which instructions no exception was taken. The rule set forth in *Faber* v. *City of New York* (222 N. Y. 255, at p. 262) should be followed: "if a claim for damages represents a pecuniary loss, which may be ascertained with reasonable certainty as of a fixed day, then interest is allowed from that day. The test is not whether the demand is liquidated. Was the plaintiff entitled to a certain sum? Should the defendant have paid it? Could the latter have determined what was due, either by computations alone or by computation in connection with established market values, or other generally recognized standards? (*Van Rensselaer* v. *Jewett*, 2 N. Y. 135; *McMahon* v. *N. Y. & Erie R. R. Co.*, 20 N. Y. 463; *Gray* v. *Central R. R. Co. of N. J.*, 157 N. Y. 483.) "

As Judge CARDOZO said in the case of *Prager* v. *Fidelity & Plate Glass Ins. Co.* (245 N. Y. 1, at p. 7), " one marks a growing tendency to make interest an incident where it might once have been excluded."

Interest should be added from August 15, 1929, the date when the plaintiff parted with the $5,000 which the jury awarded to the plaintiff, if the court has power to add such interest.

It has been held in numerous decisions in New York that where a litigant is entitled to interest as a matter of right and the jury has failed to add that interest the court at a subsequent date may do so. (*Urband* v. *Lubell*, 245 N. Y. 156; *Barber Asphalt-Paving Co.* v. *N. Y. Post-Graduate Medical School & Hospital*, 62 N. Y. Supp. 392; *Lowenstein* v. *Lombard, Ayres & Co.*, 2 App. Div. 610; *McAfee* v. *Dix*, 101 id. 69; *Peetsch* v. *Quinn*, 7 Misc. 6, 8; *Rafel* v. *McDermott*, 30 id. 208; *Fleming* v. *Jacob*, 103 N. Y. Supp. 209.)

This addition of interest may be made pursuant to section 480 of the Civil Practice Act on the theory that the action may be regarded as one on implied contract in the sense that an obligation arises to pay back money paid out through false representations. (Street Foundations of Legal Liability, 374; 22 Cyc. 1506.) To quote from Street's work: " The law of deceit is the matrix of

assumpsit, and it is therefore in effect the matrix of the greater part of modern contract law. The affinity between the obligation incurred by the making of a false representation (the most important form of deceit) and the obligation which arises out of the making of a promise is so marked that some scholars refuse to take any account whatever of false representation as a species of tort."

If interest may not properly be added pursuant to section 480 of the Civil Practice Act, the right to do so nevertheless exists under the general power to correct omissions and defects under section 105 of the Civil Practice Act. Under the old section 723 of the Code of Civil Procedure, the predecessor of the present section 105 of the Civil Practice Act, and before the addition of the amendment of 1927 to section 480 of the Civil Practice Act, interest was frequently added in cases where it was omitted from the jury's verdict but yet was proper.

Certainly in this era when the law seeks to meet the requirements of justice a plaintiff entitled to interest should not lose it unless the court is willing to acknowledge itself powerless to meet the needs of justice. I do not think this court is powerless to do justice in this instance.

The motion to add interest is, therefore, granted. Submit order on notice.