7 So.2d 94

## FINKLEA v. BRUNSON.

### I.Div. 405.

Court of Appeals of Alabama.
March 24, 1942.

C. L. Hybart, of Monroeville, for appellant.

A. C. Lee, of Monroeville, and Powell & Hamilton, of Greenville, for appellee.

RICE, Judge.

As appellant's counsel states in his brief filed here: "This was a detinue suit brought by the appellee against the appellant to recover two black mare mules, which the ap-

pellee claimed to have a mortgage upon, which was past due, and which was executed by one J. C. Miller. The appellant's plea was to the effect that he was not in possession of the mules at the time the suit was brought. So the question, as we take it, in the case was as to whether the appellant was in possession of the property involved at the time that the suit was commenced."

The trial and proceedings were purported to be had—and had—under the provisions of Code 1928, Sec. 7405, now Code 1940, Tit. 7, § 935, although appellant's disclaimer was not under oath, as therein required. But as the appellee made no point on account of that, neither will we.

 Appellee's title to the property sued for, and his right to the immediate possession thereof, were satisfactorily made out by the uncontroverted evidence; the sole litigated question being that as to whether or not appellant had the property in his possession when the suit was filed.

As to this the evidence was conflicting. But there was ample on appellee's behalf from which the jury could conclude, as they did, that appellant had the said property in his possession at the time the suit was brought. Their verdict is fully supported by the testimony in the case.

There really seems no need for any extended discussion by us.

Appellant's brief is constructed in total disregard of Supreme Court Rules of Practice 10 and 12, Code 1940, Tit. 7 Appendix.

As was said by Mr. Justice Gardner, now the Chief Justice, for the Supreme Court, in the opinion in the case of Ogburn-Griffin Grocery Co. v. Orient Insurance Company, 188 Ala. 218, 66 So. 434, 435: "We are not at all disposed to a strict construction of such rules, but are rather inclined to construe them liberally in favor of litigants who show substantial compliance with their terms. But we cannot permit them to be ignored or entirely disregarded, however innocently, for they were framed and adopted to facilitate business and be an aid to the court in its prompt and orderly disposition, a result in which the profession and those whom it represents are greatly interested."

Also, "it is too well settled to now admit of doubt that the failure of an applicant (appellant) to insist, in this court, upon errors assigned on the record is a waiver and abandonment thereof." Lester v. Enzor, 24 Ala.App. 318, 134 So. 819.

And referring to this matter of "insisting," in this court, upon errors assigned upon the record—which is another way of saying the said assignments must be "argued," here—we have said (with the Supreme Court's approval) that "merely 'asserting,' even in a variety of ways, that the ruling underlying a given assignment of error is erroneous, is not sufficient. The duty rests upon the appellant, in a civil case, to 'point out' error; and 'pointing it out' consists of more than merely saying: 'There it is!' * * * it includes pointing out, under the law—cited—why it is error." Great Atlantic & Pacific Tea Co. v. Smalley, 26 Ala.App. 176, 156 So. 639, 641, certiorari denied 229 Ala. 289, 156 So. 641.

What we have written is not meant to be critical of the way and manner in which appellant's able counsel has presented his brief.

The only litigated question being one of simple fact, there was not much, really, to be presented here.

We have examined the rulings on the trial—all of them; whether or not they were properly presented for our consideration.

And we observe none for which the judgment in appellee's favor should be reversed.

But certain it is, as we read the law, there is no ruling of the lower court properly assigned as error, and argued and insisted upon, here, which is infected with error prejudicial to any right of appellant.

The judgment appealed from will therefore stand affirmed.

Affirmed.