23 So.2d 864

## MUTUAL SAV. LIFE INS. CO. v. OSBORNE.

### 8 Div. 456.

Court of Appeals of Alabama.

June 26, 1945.

Rehearing Denied Oct. 30, 1945.

S. A. Lynne, of Decatur, for appellant.

C. L. Watts, of Huntsville, for appellee.

CARR, Judge.

We find in the record in this case appellee's motion for an affirmance of the judgment of the lower court, in which we are requested to apply Supreme Court Rule Number 18, Code 1940, Tit. 7, Appendix. There is no merit in this motion, and it is denied.

This is the third appeal of this case. Mutual Savings Life Insurance Co. v. Osborne, 30 Ala.App. 399, 7 So.2d 314; Mutual Savings Life Insurance Co. v. Osborne, 245 Ala. 15, 15 So.2d 713.

The facts are set out in the former opinions, with particular reference to the second appeal where Justice Thomas, for the Supreme Court, states the evidence with careful detail. 245 Ala. 15, 15 So.2d 713, supra.

Apparently the evidence was substantially the same on the trial of the case at bar.

Assignments of Error 27 and 28.—The ruling of the lower court in denying the motion for a new trial is consistent with the holding of the Supreme Court and this court on the former appeals of this case. See authorities, supra.

Assignments of Error 3, 4, and 5.—These assignments are grouped in brief of counsel for appellant. It is here insisted that the trial judge erred in his oral charge to the jury in the following statements:

"The good faith of the party making the misrepresentations is entirely immaterial."

"The honest belief in the truth of the statement of a fact which is untrue, I say, the honest belief that it is true when it is not true, does not relieve from the legal liability."

"It might relieve from moral liability, but not the legal liability to make it good if the untrue statement is acted upon by the other party to his injury and damage."

This case is based on Title 7, Sec. 108, Code 1940: "Misrepresentations of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake

and innocently, and acted on by the opposite party, constitute legal fraud."

In the instant inquiry the trial court's statements were in conformity to the well-settled rule which we do not regard is any longer an open question in this State.

In the case of Hafer v. Cole, 176 Ala. 242, 57 So. 757, 759, the Supreme Court observed: "A material false statement, relied upon by the other party in ignorance of its falsity, and which materially influences him to enter into the contract, constitutes a fraud which will authorize a rescission. * * * *The good faith of the party in making such statement is immaterial.*" (Emphasis ours.)

In Bethea-Starr Packing & Shipping Co. v. Mayben, 192 Ala. 542, 68 So. 814, 815, Justice Thomas, for the Supreme Court, collected the authorities in support of this rule and held: "A misrepresentation of a fact by a party to a contract, whether intended to deceive or not, may entitle the other party to the contract to action thereon; but to do so the misrepresentation must have entered into the contract to the extent that the other party reasonably relied upon the statement as true, and it must have formed an inducement to his prejudice." Standard Oil Co. v. Myers, 232 Ala. 662, 169 So. 312; Bankers Mortg. Bond Co. v. Rosenthal, 226 Ala. 135, 145 So. 456; Mutual Savings Life Insurance Co. v. Osborne, 245 Ala. 15, 15 So.2d 713.

Assignments of Error 35 and 63.—These assignments relate to the action of the lower court in giving to the jury, at the written request of plaintiff, charge lettered D. The point is urged that in the matter of interest it was discretionary with the jury and this instruction foreclosed this right.

In the opinion in the case of Demms v. Blanchard, 150 Misc. 867, 270 N.Y.S. 700, 701, we find: "The law is very clear that, where a plaintiff seeks to recover for the fraud of a defendant and secures a verdict for the sum parted with by reason of the misrepresentations of the defendant, interest from the date the money was paid should be included as part of the recovery." Under this statement is cited a long list of authorities from different jurisdictions.

In the case at bar the amount claimed is ascertainable by definite computation as of a certain due date if the jury should find the appellant obligated to pay the principal sum. We entertain the view the case is brought within the influence of the many well-reasoned authorities that interest is allowable as a matter of right. A contrary view would not be consistent with due regard for the equities of the plaintiff. The defendant would be privileged to enjoy the fruits of his fraud to the amount of the value of the use to him of the amount the jury found was justly due the plaintiff. It was not within the contemplation of the law that such an injustice should obtain. Martin v. Sixty-Third and Halstead State Bank et al., 299 Ill.App. 123, 19 N.E.2d 634; Vernson et al. v. Baker et al., 124 Kan. 575, 261 P. 563; Domaiki v. Liberty Land & Investment Co., 175 Wis. 588, 185 N.W. 224; Rutherford v. Irby, 1 Ga.App. 499, 57 S.E. 927; Arthur v. Wheeler & W. Mfg. Co., 12 Mo.App. 335; 28 L.R.A.,N.S., 50; Briggs v. Brushaber, 43 Mich. 330, 5 N.W. 383, 38 Am.Rep. 187; Southern Bldg. & Loan Assn. v. Wales, 24 Ala.App. 542, 138 So. 553; Southern Bldg. & Loan Assn. v. Bryant, 225 Ala. 527, 144 So. 367.

Assignments of Error 11 and 39.— It is here urged that the lower court should have given for the defendant written charge No. 15. This instruction is a copy of Charge 5, which was refused on a former trial. The Supreme Court held its refusal free from error. Mutual Savings Life Insurance Co. v. Osborne, 245 Ala. 15, 15 So.2d 713.

Assignments of Error 21, 49, 22, 50, 23, 51, 25, 26, 53, and 54.—Appellant presents for review by the assignments of error just set out above the propriety of the trial judge in refusing to appellant written charges 44, 45, 47, 52, and C. Each of these charges were substantially covered by given written instructions and by the court's oral charge to the jury. Title 7, Sec. 273, Code 1940.

We have hereinabove discussed all assignments of error which appear to be sufficiently presented in brief of counsel. Great Atlantic & Pacific Tea Co. v. Smalley, 26 Ala.App. 176, 156 So. 639; Finklea v. Brunson, 30 Ala.App. 419, 7 So.2d 94.

We have, nevertheless, given attentive consideration to the other charges refused to appellant, the refusal of which forms the basis for the remaining assignments of error. We have before us the record on a former appeal of this case, which reached the Supreme Court by transfer from this court. Title 13, Sec. 102, Code 1940. With the exception of one, all the charges in question were there present-

ed among the list of refused charges. We find that, in the main, they contain the vice of merely stating an abstract proposition without making application to the issues in the case. Fleetwood v. Pacific Mutual Life Ins. Co., 246 Ala. 571, 21 So.2d 696, 159 A.L.R. 171.

We are convinced, also, that some are not applicable to the issues in the case and have a tendency to mislead the jury. The primary court, in his oral charge together with many written instructions given at the instance of the appellant, substantially covered the legal principles stated in many of these refused charges.

We cannot predicate error on the refusal of any of them.

The judgment of the lower court is due to be affirmed, and it is so ordered.

Affirmed.