### 38397. HOUSEHOLD FINANCE CORPORATION v. HARMON.

FRANKUM, Judge. Where, briefly, a petitioner alleges that the defendant sought to obtain a loan from the plaintiff, that the plaintiff required a financial statement, that the defendant knowingly gave a false financial statement which did not include all of the defendant's debts, that the financial state-

ment was made for the purpose of deceiving the plaintiff, that the plaintiff relied upon such representations, and, had the defendant disclosed all her debts, the plaintiff would not have made the loan, and that in reliance upon the financial statement the plaintiff advanced the defendant $448.43, and suffered a loss in that amount for which the plaintiff sued; the petition sets forth a cause of action for deceit. *Hartridge v. Wesson,* 4 Ga. 101; *Anderson v. Macy & Co.,* 101 Ga. App. 894 (115 S. E. 2d 430); *Gaultney v. Windham,* 99 Ga. App. 800 (109 S. E. 2d 914); *Hinton v. Equitable Loan Co.,* 41 Ga. App. 815 (155 S. E. 101). " 'Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action.' Civil Code (1910), § 4410 [*Code* § 105-302]. Thus, where the basis upon which the contract was entered upon lies in the existence or non-existence of certain material facts, the verity of which needs must be ascertained from the statement of one acquainted with such facts, each of the contracting parties has a right to rely upon the truth of the other's statements with reference thereto, when such statements relate to matters apparently within the knowledge of the party asserting them; and to do this without checking up the statements with the declarations of other and different persons, in order, by such an investigation, to test their probable truth. [citations]." *Deibert v. McWhorter,* 34 Ga. App. 803, 804 (132 S. E. 110). It may be inferred from the allegation, "the plaintiff relied upon such representations of defendant and had the defendant disclosed all of her indebtedness, the plaintiff would not have made the defendant . . . a loan," that the plaintiff was deceived into advancing the money. The trial court erred in sustaining the general demurrer.

*Judgment reversed. Gardner, P. J., Townsend and Carlisle, JJ., concur.*

DECIDED SEPTEMBER 7, 1960.

*Bullock, Yancey & Mitchell, Kyle Yancey, Harris Bullock,* for plaintiff in error.

*Wendell J. Helton, John L. Lee,* contra.