(75 South. 630)

KNIGHT v. REED & SONS PIANO MFG. CO. (1 Div. 180.)

(Court of Appeals of Alabama. May 8, 1917.)

1. SALES ⟨⟩215—PASSING OF TITLE—FAILURE TO PERFORM CONDITION PRECEDENT.

Where a contract of sale covering a piano was made by correspondence, and contemplated the buyer's signing a contract calling for the payment of so much per month but the buyer never signed the contract, he did not secure title, though he made payments which were accepted by the seller, since, to pass title as against a seller, or those claiming under him, there must be a valid existing contract of sale, and though, under a completed contract, the property in the goods passes at once at the place where the contract becomes completed, if anything remains to be done by either party as a condition precedent, the contract remains executory, and the title does not pass, unless the condition is waived by timely failure to demand its performance.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 574–579.]

2. SALES ⟨⟩53(1) — CONDITION PRECEDENT — WAIVER—QUESTION FOR JURY.

In an action of detinue to recover a piano delivered to defendant by plaintiff under an agreement of sale, whether plaintiff, by its actions and conduct, waived the condition of the parties' contract by correspondence that plaintiff should sign a formal contract, held a question for the jury.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 145–147, 149.]

3. SALES ⟨⟩52(2)—EVIDENCE.

In such action, the correspondence between the parties concerning the entire transaction was admissible, when properly identified, being relevant evidence either for plaintiff or defendant.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 124, 125, 127, 128.]

Appeal from Circuit Court, Washington County; A. H. Alston, Judge.

Action by the Reed & Sons Piano Manufacturing Company against George W. Knight. From judgment for plaintiff, defendant appeals. Reversed and remanded.

This is an action of detinue for the recovery of a piano, delivered to the appellant by the appellee under the terms of an agreement of sale, as hereinafter set out. On the trial, as shown by the bill of exceptions, the plaintiff (appellee here) introduced in evidence, without timely objections, certain letters from the defendant to the plaintiff, and from the plaintiff, which letters are set out in the transcript, and so much of them as is necessary to a consideration of the law involved is as follows:

(1) A letter which seems to have been received by the plaintiff in Chicago, Ill., July 7, 1911, and evidently on a blank furnished by the plaintiff to the defendant, is in words and figures as follows:

"We pay the freight. Send us the freight bill for the amount you pay the freight agent on receipt of the piano, and we will credit your account with the amount you have paid. Use this form if you desire to purchase on terms of monthly payments after 30 days' free trial in your home.

"Reed & Sons Piano Manufacturing Co., Chicago, Ill.—Gentlemen: Please enter my order for one Reed & Sons Piano, style 3, wood walnut, price $246.00. During the time the piano is in my home on trial it is to remain your property. If the piano is satisfactory and as represented, I will keep it and pay for same as per terms of your catalogue. The shipping point to which the piano is to be sent is Millry, Alabama, via Calvert, T. V. Railroad. Yours truly (Sign full name), George W. Knight. Street and No. ———. Town, Millry. County, Washington. State, Alabama. If you are on a R. F. D. route, write number here: R. F. D. No. ———. Box ———.

"Kindly answer the following questions: Do you own homestead or rent? Own. What is your occupation? Farming, and sawmilling. Are you of legal age? 45. How long have you lived at your present address? 16 years. If employed give name of employer? ———. State whether married or single? Married. * * * Please give name of any bank, business man, express agent, or freight agent who knows you and to whom you can refer. James N. Granade, Chatom, Alabama. D. F. Knapp, address, Millry, Alabama. If applicant is under legal age, parent or guardian must sign. Acknowledged June 28, 1911; entered July 7, 1911."

(2) A letter from defendant to plaintiff, dated July 6, 1911, as follows:

---

"Millry, Alabama, July 6th, 1911.

"Messrs. Reed & Sons Piano Co.—Gents: This contract you sent me is not what I wrote you and therefore I can't sign it. I will do just what I wrote you, and that is all. I just can't pay ten dollars per month—can do better. I will pay the $49.00 difference between No. 1 and No. 3. less the freight and $5.00 per month. So if this don't suit you all there is no harm done.

"Respectfully, G. W. Knight."

(3) On July 18, 1911, the plaintiff wrote a letter telling defendant that the piano was being shipped and inclosing bill of lading.

(4) On October 21, 1911, defendant wrote a letter to plaintiff as follows:

"Millry, Alabama. October 21, 1911.

"Messrs. Reed & Sons Piano Co., Chicago—Gentlemen: I will write you a few lines this morning to let you hear from me. I am not sending no money but will send in some in a few days. I have not sold any cotton at all, the price is running so low; but I will send in 2 or 3 months' payment when I send. I am well pleased with the piano so far. So I am hoping this will be satisfaction to you. I remain,

"Yours truly, G. W. Knight.
"[Reed & Sons Received Oct. 24, 1911.]"

The next and following letters all relate to the defendant's inability to meet his payments on the purchase of the piano, until the letter of June 25, 1912, where, in addition to a plea for further indulgence, he uses this expression:

"If this will not suit you, you will have to sell it to some one else."

Then continued other letters pleading for time, and afterwards the plaintiff accepted some payments on the purchase price. On June 28, 1913, in addition to his plea for time, he asked if plaintiff was willing to refund any of the money paid. To this there was no reply. On August 5, 1913, plaintiff wrote defendant a letter as follows:

"Chicago. Aug. 5, '13.

"Mr. Geo. W. Knight, Millry, Ala.—Dear Sir: Are you going to return the piano, and thereby effect an amicable settlement of your account, or are you a thief, and trying to get this instrument without paying for it, and will it be necessary for us to take recourse against you in the courts to protect our interests. We will give you just ten days from the date of this letter to return the piano. If by that time the bill of lading does not reach our office, we will take such action against you that will cause you considerable trouble and expense; therefore we advise you, to avoid the embarrassment and the publicity that will be given you through the failure to pay your just debts, that you arrange shipment at once.

"Yours very truly,
"Reed & Sons Piano Mfg. Co."

At this point defendant objected to the introduction of all of the foregoing. The court overruled the objection, and defendant excepted. After this the plaintiff, over the objection of defendant, was permitted to introduce all of the letters already in evidence and certain receipts showing payment on piano account; also a written guaranty purporting to be signed by plaintiff, and an unsigned form of a contract which is described; but it is not shown that the defendant ever saw it, or had anything to do with it. James Granade then testified that plaintiff sent the claim to his firm for collection; that he took it up with defendant; that defendant said it was sent on 30 days' trial, was satisfactory, and he kept it; said he did not sign the contract, because he could not make the payments as they wanted them. After some negotiation, Knight declined to return the piano unless he was repaid some of the money, which plaintiff declined to do. This witness also testified that he offered to rescind the trade.

The defendant, testifying in his own behalf, said:

"Reed & Sons sent me a contract soon after I ordered it, and I wrote them that if they would sell it to me for $5 per month to ship it. I was to pay $5 per month, and was to sign the contract if it had been shipped that way. I refused to sign the contract, because, it called for $10 per month. I wrote the company I would not sign the contract. After that they received payments from me in such sums as I sent for a year. * * * I offered to return the piano, if they would return a part of the money. They refused to do this."

The foregoing are substantially the facts as we gather them. There is no evidence identifying the contract, which it is claimed the defendant was to sign, nor was it shown what the terms of the catalogue were, as referred to in the original letter.

Joe M. Pelham, Jr., of Chatom, for appellant. Granade & Granade, of Chatom, for appellee.

SAMFORD, J. "In order to pass the title to goods as against the seller, or those claiming under him, there must be a valid existing contract of sale. Under a completed contract of sale the property in the goods passes at once from the seller to the buyer at the place where the contract becomes completed." 35 Cyc. 274. But if anything remains to be done by either party as a condition precedent, the contract remains executory, and the title does not pass. 4 Mayf. Dig. 745, § 50. If, however, the condition is waived, as it may be, by a timely failure to demand its performance, the title will pass, notwithstanding the original condition. 5 Mayf. Dig. 854, § 3.

[1] The contract of sale in this case was made through correspondence and the original order, the letter of July 6, 1911, signed by the defendant, the letter of July 18, 1911, signed by the plaintiff, together with defendant's testimony to the effect that he was to sign a contract, which he never signed, may be said to be the contract of sale as shown by this record. Accordingly, then, by the defendant's own testimony, there was a condition in the contract which he never complied with.

[2] As to whether the contract to be signed contained a clause retaining the title in the seller does not concern this case, and therefore the contract remained executory, unless the plaintiff, by its actions and conduct, waived that condition, and under the facts

in this case that question was one of fact for the jury.

[3] The correspondence between the parties concerning the entire transaction, when properly identified, was relevant evidence, either for the plaintiff or defendant, and when so identified, should be admitted.

It is unnecessary to notice the other assignments of error. For the error noted, the judgment is reversed, and the cause remanded.

Reversed and remanded.