(139 So. 120)

## MOORE v. STATE.

4 Div. 874.

Court of Appeals of Alabama.

Nov. 24, 1931.

Rehearing Denied Jan. 12, 1932.

582

E. C. Boswell, of Geneva, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

The indictment charged this appellant, and two others not on trial, with the offense of grand larceny, in that they feloniously took and carried away numerous described gold coins of the aggregate value of $280, the personal property of Z. J. Holley.

The evidence without dispute disclosed that the money in question was stolen from Holley, the injured person named in the indictment. The theory of the state was that this appellant was an accomplice of one Mc-Lindon, or Evans, the admitted thief, and offered evidence which tended to show that this appellant on a former occasion had seen the money in Holley's possession at his home, and that on the day the money was stolen he (appellant) went to the home of Holley with McLindon and introduced him to Holley by the name of Evans; that, after the money had been taken by McLindon, both of the men "made for the car," and left while the old man (Holley) was "hollering" for help. There was other evidence tending to show a conspiracy between Moore and McLindon. The defendant (appellant) strenuously denied all knowledge of the crime and connection therewith. This conflict in the evidence made a question for the jury to determine as to the guilty participation or connection of this appellant in the commission of the crime complained of.

No exception was reserved to the oral charge of the court, in the absence of which this court is without authority to review the excerpt thereof complained of and presented here for the first time. The proper burden of proof was stated by the court in numerous instances, not only in the oral charge, but in the numerous written charges requested by the defendant, all of which were "given" by the court. No special written charges were refused.

All persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid or abet in its commission, though not present, must be indicted, tried, and punished as principals.

Learned counsel who appears for appellant in this court earnestly insists that the court erred in overruling the motion for a new trial. We have carefully considered this question, but cannot accord to the insistence. The trial court was in better position than this court could possibly be to judge of this matter. There the witnesses appeared in person before the court, thus affording an opportunity to observe their demeanor and their manner of giving testimony, and the rule is, unless the ruling of the court is palpably wrong, the court's decision will not be disturbed.

The few exceptions reserved to the court's rulings upon the admission of testimony are of but minor import, and need not be discussed, as they are clearly free from error calculated to injuriously affect the substantial rights of the accused.

No reversible error appears in any ruling of the court below. The record is also regular and without error. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.