156 So. 639

## GREAT ATLANTIC & PACIFIC TEA CO. v. SMALLEY.

### 6 Div. 457.

Court of Appeals of Alabama.

May 8, 1934.

Rehearing Denied June 5, 1934.

J. L. Drennen, of Birmingham, for appellant.

Beddow, Ray & Jones, of Birmingham, for appellee.

RICE, Judge.

[■] It is our opinion, and we hold, that the witness Carlyle, appellant's store manager, was, under the testimony, for the purposes here involved, appellant's alter ego, or principal. Southern Bell Telephone Co. v. Francis, 109 Ala. 224, 242, 19 So. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930.

[■] It results that, appellee's testimony being, obviously, more than a "scintilla," there was no error in refusing the general affirmative charge, duly requested by appellant, as to any of the counts of the complaint; nor as to the complaint as a whole. Norwood Hospital v. Brown, 219 Ala. 445, 122 So. 411.

[■] While we have examined each of the said assignments of error, together with the rulings underlying same, and are persuaded that the said assignment has no merit, yet we feel constrained to apply the rule recently laid down by our Supreme Court (Code 1923, § 7318) for our guidance, and decline to discuss the following designated assignments of error, to wit: First, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, and nineteenth.

The rule we refer to is deducible from the following excerpt from the opinion by Mr.

Associate Justice Brown in the case of Futvoye et al. v. Chuites et al., 224 Ala. 458, 140 So. 432, 433, to wit: "The appellants' treatment of assignments of error 5 and 6 is not sufficient, under the repeated rulings here, to invite consideration and treatment of these assignments. As to assignment 5, they say: 'The court should have sustained defendants' demurrer to plaintiffs' replication No. 2, as the matters set up therein were mere conclusions of the pleader, and no facts are averred on which to base such conclusions.' The same treatment is accorded assignment 6."

While we do not know that the Supreme Court has undertaken to direct the way and manner in which an "argument" shall be made, in order to merit being *denominated* an "argument," still, from the quoted excerpt just set out, it seems clear that merely "asserting," even if in a variety of ways, that the ruling underlying a given assignment of error is erroneous, is *not* sufficient. The duty rests upon the appellant, in a civil case, to "point out" error; and "pointing it out" consists of more than merely saying: "There it is!" We venture to suggest that it includes pointing out, under the law—cited—*why* it is error.

The "argument" of each of the assignments of error we have listed above does not, in our opinion, rise to any greater degree of efficacy than the "argument" of the assignments of error which the Supreme Court refused to consider in the Futvoye et al. v. Chuites et al. Case, mentioned; hence our decision to omit consideration of said assignments. Code 1923, § 7318, supra.

We do not wish to be understood, however, as being in any sense critical of the way in which appellant's counsel has presented his comments, if any, upon the assignments in question. It is obvious, in each instance, that he has said about all there *was* to be said.

[■] The written charge, the refusal of which is made the basis of appellant's *second* assignment of error, was, as it appears in the transcript, confused, confusing, and unintelligible. The charge is as follows, to wit: "Unless you are reasonably satisfied from all the evidence that E. F. Carlisle did *not* request or cause Policeman Weir to arrest plaintiff, you cannot find a verdict against defendant for a false arrest and imprisonment." (Italics ours.) It was properly refused; if the italicized word "not" was inserted by mistake, we know of no authority reposed in us to delete it.

■ The written charge refused to appellant, which refusal is the basis of its *fourth* assignment of error, was, it seems to us, and we hold, substantially covered in principle by other charges given to the jury; particularly its written, requested, and given charge which we have lettered A, on page 17 of the transcript. There is hence no merit in said assignment of error No. 4. Code 1923, § 9509.

■ There is no merit in appellant's assignments of error Nos. 20 and 21. The statement by the trial judge made the basis of the said assignment of error No. 21 seems to us to be correct; and we find nothing in the case of Beckwith v. Bean, 98 U. S. 266, 25 L. Ed. 124, which causes us to conclude otherwise.

■ There appears no merit in appellant's assignment of error No. 22. Central Iron & Coal Co. v. Wright, 20 Ala. App. 82, 101 So. 815, Id., 212 Ala. 130, 101 So. 824.

We have considered every assignment of error which seemed to be even slightly insisted upon. None of them is based upon a prejudicially erroneous ruling.

The judgment is affirmed.

Affirmed.