170 So. 71

## COMMERCIAL CASUALTY INS. CO. v. CROWDER.

### 6 Div. 873.

Court of Appeals of Alabama.

April 7, 1936.

Rehearing Denied June 30, 1936.

London, Yancey, Smith & Windham, of Birmingham, for appellant.

Cabaniss & Johnston, of Birmingham, for appellee.

RICE, Judge.

Appellee claimed of appellant in the single count of his complaint which was submitted to the jury the sum of $1,200 or $100 per month for twelve months' total disability, under a policy issued by appellant to appellee on March 18, 1933. Appellee averred in this count that he became totally disabled and was prevented from doing every duty pertaining to his business or occupation as the result of illness which was contracted and begun during the life of the policy, and that the disability lasted for a period of twelve months, and that appellant refused to pay.

Appellant pleaded in different ways, in effect, that it was not liable because: (1) The policy provided that the total disability for which it agreed to pay must be that resulting from an illness beginning at least thirty days *subsequent* to the issuance of the policy; and that appellee's said illness was not of that sort. And (2) that appellee was not, as a matter of fact, *totally* disabled within the terms of the policy.

The above is but an imperfect summation, it is true enough, of the contentions of the respective parties. But it will serve as a basis, we think, for the few remarks we feel called upon to make.

The principal argument here for a reversal of the judgment is on the ground that the trial court erred in refusing to give to the jury, at appellant's request, the general affirmative charge to find in its favor.

■ There seems not so much for us to say. We have given careful attention to the evidence, as shown by the bill of exceptions, as well as to the excellent arguments on behalf of the respective parties, submitted in briefs filed here. It is only requisite that we say that we agree with the learned trial judge that it was proper to leave the disputed question of liability vel non to the jury; and hence not error to refuse this general affirmative charge.

While really not called upon to go further —according to the brief filed here on behalf of appellant—yet we will remark that the evidence on behalf of appellee, though in conflict with that on behalf of appellant, was sufficient, not only to carry the case to the jury, but to sustain the verdict returned.

■ Other questions are "alluded to" in appellant's brief. But we find no assignment of error, other than the one based upon the "refusal of the affirmative charge,"

which is argued here in the manner calling into play our "powers of revision." Great Atlantic & Pacific Tea Co. v. Smalley, 26 Ala.App. 176, 156 So. 639, certiorari denied 229 Ala. 289, 156 So. 641. To be sure, this is not written critically of appellant's able counsel. They have argued forcefully the one assignment of error upon which the disposition of the appeal hinged. But we do not agree with them.

The judgment is affirmed.

Affirmed.