173 So. 652

### NICHOLS v. STATE.

### 5 Div. 18.

Court of Appeals of Alabama.

April 6, 1937.

Raymond Murphy, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The defendant was indicted by the grand jury of Macon county on a charge of robbery from the person of F. C. Gunter.

On the trial of this case it was proven, without dispute, that F. C. Gunter, who was driving a bread truck, was held up and robbed of currency and a watch, while he was on the road between Tallassee and Notasulga, Ala. The corpus delicti was proven in every respect, none of which evidence was denied or questioned by the defendant.

The defense was an alibi. On this question the State introduced a witness to the robbery who testified as to the identity of this defendant, and of his two associates, according to the best of his knowledge. His testimony, in this respect, was corroborated and sustained by other witnesses who saw the defendant and his two associates in the neighborhood of the robbery at, or about, the time the crime was committed. Per contra, the defendant introduced witnesses tending to prove that on the day of the robbery the defendant was in Florence, Ala.; some three hundred miles distance. This made a conflict in the testimony, which was properly submitted to the jury on a charge from the court fairly presenting the issue. The jury returned a verdict of guilty, and now we are asked to say that the verdict was contrary to the great weight of the evidence.

The jury had all of the parties before them; they heard the testimony; and they are the judges of the facts. The judge trying the cause refused to grant the motion for a new trial, and under the well-settled rule as stated in Cobb v. Malone, 92 Ala. 630, 9 So. 738 and numerous other cases to the same effect, this court would not be justified in holding that the court committed error in refusing to grant the new trial.

The court refused to give at the request of the defendant the following

written charge: "I charge you gentlemen of the jury that if you believe the evidence that Morris Nichols was in Florence, Ala., on April 6, 1934, then you should find the defendant not guilty." This charge predicates an acquittal upon a part of the evidence, and for that reason is faulty. It pretermits a consideration of all of the evidence in the case and for that reason was properly refused. The principle of law sought to be invoked by the charge was fully covered by the court in its oral charge, and for that reason, even if the charge had no other fault, would not be grounds for reversal.

■ On cross-examination of State's witness Higgins, he was asked by defendant's counsel: "But you didn't see any scar on his face, did you?" There was no evidence that the defendant had a scar on his face, or that the person committing the robbery had such a scar. The question was immaterial. On the cross-examination of Cliff Thompson, a witness of the State, it was shown that Thompson and several other men went to the jail to identify the defendant. He was then asked: "Some of you said he was and some of you said he wasn't?" This question was objected to by the State and the objection sustained. The question called for immaterial matter. What others had to say regarding the identification was immaterial.

■ On the cross-examination of the State's witness Powell, he was asked: "After this is alleged to have happened, if you did not tell him after you had seen Nichols that you could not be positive that it was Nichols?" The above question is not a sufficient predicate for the impeachment of the witness. When a witness is to be impeached by statements made out of court, contrary to his testimony, proper predicate must be laid stating the time, place, persons present, and the statement alleged to have been made by the witness. This question does not meet the requirements.

■ In proving the identity of the defendant, the State introduced J. S. Houston, who testified that he knew the defendant and that he saw him in April, 1934. The State was then allowed to ask: "Where did you see him?" The witness answered: "I arrested him about the 10th or 12th of April." This witness was the officer making the arrest, and it was competent for him to testify what took place at the time the arrest was being made, and as to anything said by the defendant indicating resistance to the arrest.

Other rulings of the court on the introduction of testimony have been examined, and have been found to be without merit.

■ There were certain depositions offered on the hearing for a motion for a new trial which had been taken prior to the trial, and were not introduced in evidence. The testimony in said depositions was merely cumulative, and even if depositions had been legally taken, they were not sufficient upon which to predicate motion for a new trial.

We find no error in the record, and the judgment is affirmed.

Affirmed.