188 So. 75

**WORLEY v. STATE.**

**8 Div. 752.**

Court of Appeals of Alabama.

April 11, 1939.

Griffin & Ford, of Huntsville, for appellant.

Thos. S. Lawson, Atty. Gen., and L. L. Mooneyham, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The indictment charged the defendant with murder in the first degree. On the trial, after hearing the evidence and the charge of the Court, the jury returned a verdict of manslaughter in the first degree and fixed the punishment at five years in the penitentiary. Upon this verdict the judgment was rendered, and from that judgment was taken this appeal.

After verdict and judgment, the defendant made motion to set aside the verdict and for a new trial, upon the grounds that one of the jurors, trying the case, was prejudiced against the defendant; and that the verdict was due to a bias on the part of this juror.

On this appeal no insistence is made that the trial court committed error, either in its rulings on the introduction of evidence or in its charge to the jury; but, the claim is made that one of the jurors trying the case had, prior to the trial, expressed a bias against this defendant and an intention to see that he was convicted.

Upon this alleged bias on the part of one of the jurors trying the case, the insistence is made that the defendant has not had a fair and impartial trial; and, for that reason, a new trial should be granted.

We may observe, in the first place, that the testimony on the main trial, on behalf of the State, was amply sufficient to have sustained a verdict in a higher degree than that returned by the jury, and from a reading of the entire testimony no implication of bias arises by reason of a verdict returned not justified by the testimony; which fact is always to be considered in passing upon a motion of this character.

The evidence on the motion for a new trial was taken ore tenus, and addressed itself to the trial judge, before whom the motion was heard, (1st) as to whether or not the fact of bias, as alleged in the motion, had been proven; and (2nd) was the character of the testimony offered such as to impress the Judge that a different verdict would probably have been rendered.

The trial judge had the witnesses before him; he had the advantage of seeing

the witnesses and hearing the testimony. His judgment is not to be disturbed, unless his decision was palpably wrong. We cannot say such is the case. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738; Moore v. State, 24 Ala.App. 581, 139 So. 120; Nichols v. State, 27 Ala.App. 435, 173 So. 652.

Under the facts in this case, we would not be justified in holding that the trial court committed error in refusing to grant the motion for a new trial.

The record being otherwise free from error, the judgment is affirmed.

Affirmed.