197 So. 378

**NATIONAL LIFE & ACCIDENT INS. CO. v. HOLLIS.**

**4 Div. 549.**

Court of Appeals of Alabama.

June 29, 1940.

John C. Walters, of Troy, for appellee.

Meader & Jones, of Montgomery, and Ewell C. Orme, of Troy, for appellant.

SIMPSON, Judge.

This is a suit by appellee against appellant on a policy of insurance, covering the life of appellee's father, issued by appellant company, September 14, 1936. From a judgment for the plaintiff, the defendant appeals.

Among the defenses interposed pending trial were pleas averring fraud and misrepresentation in the procurement of the policy, and conditions breached in that, prior to the issuance of said policy, insured had suffered with and had been

treated for cancer and from which disease he died December 29, 1937.

There was a provision in the suit policy: "If the insured is not alive or is not in sound health on the date hereof; or before the date hereof, the Insured has been rejected for insurance by this or by any other Company, order or association, or, before said date, has had any pulmonary disease, or chronic bronchitis or *cancer*, or disease of the heart, liver or kidneys, unless such rejection or previous disease is specifically recited in the 'Space for Endorsements' in a waiver signed by the Secretary, then in any such case, the Company may, within the contestable period, declare this Policy void and the liability of the Company shall be limited to the return of premiums paid on the Policy."

The evidence adduced upon trial was in conflict, on the issues presented by these special pleas, which required their reference to the jury for decision. Although the appellant's evidence tended strongly to support the fact that the death of the insured was caused by cancer, inceptive prior to the issuance of the policy, there was other evidence produced which sufficiently rebutted this fact and which, if believed, raised a reasonable inference that such was not the case. In the circumstances the trial court should have submitted—as was done—the issues to the jury for determination. Independent Life Ins. Co. v. Seale, 219 Ala. 197, 121 So. 714; National Life & Accident Ins. Co. v. Stewart, 219 Ala. 490, 122 So. 621; First National Life Ins. Co. v. Rector, 225 Ala. 116, 142 So. 392; Sovereign Camp, W. O. W., v. Brock, 226 Ala. 579, 148 So. 129; National Life & Accident Ins. Co. v. Logan, 228 Ala. 409, 153 So. 868; Metropolitan Life Ins. Co. v. Chambers, 226 Ala. 192, 146 So. 524; National Life & Accident Ins. Co. v. Baker, 226 Ala. 501, 147 So. 427.

It is insisted by appellant that error is manifest in the refusal of the lower court to grant its motion for a new trial. In this we cannot agree. In addition to what has already been said, it can be added that, the applicable rule of law, here governing, is, that, the decision of the trial court in refusing to grant a new trial will not be disturbed on appeal, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. Cobb v. Malone & Collins, 92 Ala. 630, 631, 9 So. 738; Corona Coal Co. v. Sexton, 21 Ala. App. 51, 105 So. 716; Worley v. State, 28 Ala.App. 486, 188 So. 75. This court, as to this exception, assigned as error, is not so persuaded and, in the ruling thereon by the court below we perceive no error.

In oral charge to the jury, the court instructed them: "You must be reasonably satisfied of the plaintiff's right to recover, but the burden is on the defendant to reasonably satisfy you that he (the insured) did have cancer *prior to and at the time* of the date of the issuance of the policy sued on." (Italics supplied.)

Exception to this portion of the court's oral charge was duly reserved by defendant and it is here assigned as error. We concur in the conclusion, urged upon us by appellant, that this constituted substantial error. Under the issue, presented by the pleading, it was not necessary, in order to defeat recovery, that the insured shall have had cancer prior to *and* at the time of the issuance of the policy. It was enough if prior to its issuance he had suffered with such disease and the risk of loss was thereby increased—or, as provided in the policy, "if the insured * * * *before said date has had* * * * cancer, etc., the company * * * may declare this policy void, etc." (Emphasis supplied.)

The quoted instruction—plainly erroneous and to which appellant's counsel specifically directed the court's attention by his manner of exception thereto—required of the defendant a higher degree of proof than was justified under the pleadings and was tainted with prejudicial error, and for the giving of which the cause should be reversed.

The remaining errors assigned are without merit, but for the error noted above the cause must be reversed and the case retried.

Reversed and remanded.