2 So.2d 460

## DUNCAN v. STEEL.

### 8 Div. 3.

Court of Appeals of Alabama.
March 25, 1941.

Rehearing Denied April 22, 1941.

W. L. Chenault, of Russellville, for appellant.

J. Foy Guin, of Russellville, for appellee.

RICE, Judge.

This cause was tried and determined on March 28, 1940, resulting in the plaintiff (appellant) taking a voluntary non-suit.

He gave security for the costs of appeal on April 19, 1940. Thereafter, on April 29, 1940, certificate of appeal was duly filed in this court.

On June 4, 1940, appellee (defendant in the court below) filed in this court his motion to dismiss the appeal, setting out five several grounds for said motion.

Later, on June 24, 1940, the parties filed in this court an agreement "that the appeal may be submitted in the Court of Appeals at the earliest date upon which the court will accept a submission."

And thereafter, on October 29, 1940, the cause was submitted in this court on "motion and merits."

We will not stop to inquire whether or not appellee, by his above said agreement of June 24, 1940, withdrew his motion to dismiss the appeal; or whether or not said motion had merit.

For, in any event, the judgment of the court below must stand.

It is now too well settled to require the citation of authority that an assignment of error not argued and insisted upon in this court is waived.

Here, appellant has made on the record two, and only two, assignments of error, viz: "1. The court committed error in overruling plaintiff's demurrer to defendant's plea No. 4." And "2. The court committed error in sustaining defendant's demurrer to plaintiff's replication No. 2."

His "argument," here, on the two assignments of error set out is in the following language, to-wit: "The question in this case is whether or not the statute giving the landlord a lien on the crops raised on rented lands can inforce his lien or recover judgment against the person with full knowledge of this lien who buys the warehouse receipts on the cotton. In other words, the question is whether or not that by this subterfuge the tenant can put his cotton in the hands of a purchaser who has full knowledge of the landlord's lien, can defeat this lien by letting the cotton go through a warehouse and receipts issued therefor. We respectfully submit that the agricultural code was not intended for a sword wherewith and whereby the tenant and the cotton dealer can destroy the landlord.

"Respectfully submitted."

That is all.

Manifestly, the "argument" quoted is no argument at all, in the sense requiring our consideration. Great Atlantic & Pacific Tea Co. v. Smalley, 26 Ala.App. 176, 156 So. 639, certiorari denied Id., 229 Ala. 289, 156 So. 641.

The judgment is affirmed.

Affirmed.