7 So.2d 95

### MASK v. EVERS.
### 5 Div. 147.

Court of Appeals of Alabama.
March 24, 1942.

J. Sanford Mullins and Richard H. Cocke, both of Alexander City, for appellant.

Paul M. Page and Sam W. Oliver, both of Dadeville, for appellee.

422

SIMPSON, Judge.

The suit is in detinue for a Plymouth automobile. The defendant is the appellant here, from an adverse judgment in the circuit court.

The issue is one largely of fact. The defendant contended that he had acquired title to the automobile by a purchase thereof from the plaintiff, whereas it was the contention of the plaintiff that there was no sale to the defendant and no passing of title to the property.

The principal insistence of error argued by the defendant is the refusal of the trial court to give for him the general affirmative charge.

■ In reviewing the propriety of this action by the trial court, we are guided by the well known rule that the entire evidence must be viewed in its most favorable aspect for the party against whom the charge is requested, and where there is evidence from which a reasonable inference may be drawn adverse to a party the affirmative charge, requested by him, is properly refused. 2 Alabama Digest, Appeal & Error, ⬥927(7); 18 Alabama Digest, Trial, ⬥142; Alabama Power Co. v. Gladden, 29 Ala.App. 438, 197 So. 374; Aiken v. McMillan, 213 Ala. 494, 106 So. 150; Orman v. Scharnagel, 210 Ala. 381, 98 So. 123.

■ We must conclude that, when the evidence is tested by the foregoing rule of law, the plaintiff fully sustained the burden of proof required of him. His, testimony and that of his witness clearly substantiated that there was no sale of the automobile; that title was not to pass until the finance company had accepted the defendant's note for the balance of the purchase price; that the finance company would not accept this note; that the defendant could not and did not arrange for the financing of the purchase of the automobile and finally ceased in his effort, altogether, to do so; that defendant had obtained possession of the automobile and a purported bill of sale therefor from the plaintiff under the pretext that he wanted to go to the courthouse for a tag before the probate office closed that afternoon; that the reason plaintiff had not restored to the defendant the down payment (money and property) left with him that afternoon was that defendant was inaccessible and could not be located, hence his offer in court to do so.

Under this status of the transaction, the contract was never concluded. The sale was never completed.

The contract remained executory and title did not and could not pass unless and until there had been a valid, existing and completed contract of sale. 55 C.J., p. 532, Sec. 533; South Carolina Cotton Growers Co-op. Ass'n v. Weil et al., 220 Ala..568, 126 So. 637; Knight v. Reed & Sons Piano Mfg. Co., 16 Ala.App. 82, 75 So. 630; Code 1940, Title 57, § 24.

The trial court was warranted in refusing to give the jury the general affirmative charge, requested by defendant.

There having been no completed contract of sale but the defendant having fraudulently obtained possession of the automobile (according to the plaintiff's evidence), the question of rescission and restoration was not pertinent under this aspect of the case.

■ Even under the defendant's theory of the case—that there had been a completely executed sale and delivery of the property, with condition that he could and would arrange the proper financing of his purchase—the plaintiff exonerated himself from the exactions of law as to the restoration of the down payment left with him by defendant when defendant went away in the automobile under the pretext of getting his car tag. For the plaintiff testified, and it was uncontroverted, that he sought to find the defendant for the purpose of recovering his automobile and could not, even with the aid of the sheriff, and, not being able to locate the defendant, he brought the suit. It appears from his testimony, therefore, that a tender or restoration of the down payment was impossible. Offer of restoration or tender in court, according to plaintiff, seems to have been his only alternative.

■ A failure to tender or return the consideration is excusable where it is impossible for the seller, through no fault of his own, to return it. 55 C.J., p. 278, Sec. 259, bb.

The case of Wellden v. Witt, 145 Ala. 605, 616, 40 So. 126, seems to be authority for the holding here that an offer to return the consideration at the time of trial is sufficient, especially when the defendant would have declined to receive the property tendered.

No new questions were presented by the motion for a new trial. The evidence was sufficient to support the verdict. The trial court so ruled and we cannot say that that decision is palpably wrong or manifestly unjust. All reasonable presumptions are indulged in its favor. This court should not disturb it. 2 Ala.Digest, Appeal and Error, ☞1005(4); National Life & Accident Ins. Co. v. Hollis, 29 Ala. App. 447, 197 So. 378.

The appellant contends that, because of the acquisition by defendant of the bill of sale, no testimony surrounding its delivery or regarding the condition and terms of the transaction was admissible. We think this position is untenable.

It was proper to show that the bill of sale was not to become operative unless the condition, that the defendant should properly finance the deferred payments for the automobile, were performed. 22 C.J., p. 1154, Sec. 1544. Parol evidence was admissible to show its true consideration. Harris v. Geneva Mill Co., 209 Ala. 538, 96 So. 622. Furthermore, if, as contended by the plaintiff, execution and delivery of the bill of sale were fraudulently procured, parol evidence would have been admissible to establish this and to prove the real terms and conditions of the contract. 9 Ala. Digest, Evidence, ☞434(8) (11).

We have, however, dealt with the question of evidence, last hereinabove, solely in deference to learned counsel for appellant. Supreme Court Rule 20 should be followed. The point is not sufficiently argued to require appellate review. Powell v. Pate, Ala.App., 1 So.2d 36;[1] Great Atlantic & Pacific Tea Co. v. Smalley, 26 Ala. App. 176, 156 So. 639; Finklea v. Brunson, doing business, etc., ante, p. 419, 7 So.2d 94.

The whole case duly considered, giving considerate thought to the points urged by learned counsel for appellant, we are of the opinion that the record presents no reversible errors. The judgment is ordered affirmed.

Affirmed.

---

[1] Ante, p. 10.