24 So.2d 268

## PAGE v. HARRIS.

### 4 Div. 892.

Court of Appeals of Alabama.
June 26, 1945.

Rehearing Denied Nov. 13, 1945.

O. S. Lewis, of Dothan, for appellant.

J. Hubert Farmer, of Dothan, for appellee.

RICE, Judge.

Suit in assumpsit by appellee against appellant, resulting in a verdict and judgment in favor of plaintiff (appellee) for the sum of $102.22.

But a single question is presented for our consideration.

The evidence transcribed and certified by the reporter—the record, Code 1940, Title 7, Section 827(1), Cumulative Pocket Part 1943—shows the following: "Counsel for plaintiff and defendant then argued the case to the jury, and during closing argument by counsel for plaintiff the following objection was made and proceedings had in regard thereto: 'Mr. Lewis: I challenge that statement, if your Honor please. The Court: Overrule the objection. I will give you the record on it. Mr. Lewis: Save the exception.'

"Closing argument of counsel for plaintiff was then completed and the court charged the jury."

We are not sure that the expression by counsel for appellant—here complaining: "I challenge that statement," made during the course of the opposing counsel's argument, had any proper place in the proceedings, at all. But the trial court treated it as an "objection," and giving the complaining counsel an "exception" because of his overruling it. What the exception would, under proper circumstances, present for our consideration, we will not bother to inquire.

We will, we believe, quote, as enlightening here, the following language used by our Supreme Court in its opinion in the case of State Realty Co. v. Ligon, 218 Ala. 541, 119 So. 672, 673—one of the cases cited on appellant's brief—viz: "We do not hold with the Michigan court that argument of objections to evidence is matter of right. In case of doubt, the court should permit or even invite such statement of the legal points raised as will assist him in avoiding error and the consequent retrial of the cause. *But this is matter of discretion*, to be exercised *according to his own judgment in the conduct of trials.* This court reviews the correctness of his ruling vel non, and *not whether argument was permitted."* (Italics supplied by us.)

■ And if we were disposed to treat the remark of counsel: "I challenge that statement," as an "objection," we would be powerless, here, for the simple reason the record fails to reveal what the "statement" *was.*

█ The *entire* "argument" submitted here in support of the assignment of error based on the court's ruling, above, is in words and figures as follows, to-wit: "There is nothing in the record of this case that justifies the lower court in depriving appellant of his right under the Bill of Rights.

"Art. 1, Sec. 10 of Bill of Rights, and a denial of this right implies error.

"I may add that, counsel very often gets just as weary as the court in the trial of some cases. There was a tremendous lot of detail as is shown by the record.

"It is submitted that, the cause should be reversed and remanded."

Under the holdings, both of our Supreme Court, and of this court, the above-quoted "argument" is not sufficient to "invite consideration and treatment" of the assignment of error in question. Futvoye et al. v. Chuites et al., 224 Ala. 458, 140 So. 432; Great Atlantic & Pacific Tea Co. v. Smalley, 26 Ala.App. 176, 156 So. 639.

The judgment is affirmed.

Affirmed.

### On Rehearing.

PER CURIAM.

The original opinion in this case was written by our lamented associate, Judge Rice; and the judgment from which this appeal was taken was affirmed. Appellant filed, in due time, an application for rehearing, and simultaneously therewith appellant filed also a written motion to expunge from said opinion certain statements (setting them out in full) "as being inappropriate to any question sought to be raised by the record"; and further, "has no place in said opinion, and could serve no other purpose than to reflect on counsel for appellant," etc.

After due consideration, we are of the opinion that the motion should be and is hereby granted. In consequence thereof the original opinion has been corrected to the extent of expunging therefrom the said statements complained of as moved by appellant. The correction aforesaid in no manner is to affect the conclusion originally announced. The cause will remain affirmed, and to that extent the application for rehearing is overruled.

Opinion corrected. Application for rehearing overruled.